IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY K GARVIN AND MARTIN J. GARVIN, AS TRUSTEES OF THE THOMAS M. GARVIN TRUST a/k/a THE THOMAS M. GARVIN FAMILY TRUST, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-2157-L** |
| ARCTURUS VENTURE PARTNERS INC. f/k/a ARCTURUS CORPORATION AND LEON ALI PARVIZIAN a/k/a ALEX PARVIZIAN, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Complaint (Doc. 18), filed November 3, 2015. After considering the motion, briefs, pleadings, and applicable law, the court **denies** Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Complaint (Doc. 18).

**I.    Plaintiffs' Claims and Dismissal Grounds Relied on by Defendants**

This lawsuit involves investments by Thomas M. Garvin ("Garvin"), through the Thomas M. Garvin Trust ("Trust"), in seven different oil and gas joint ventures that were formed by Defendants Arcturus Venture Partners, Inc. f/k/a Arcturus Corporation and its owner Leon Ali Parvizian a/k/a Alex Parvizian (collectively, "Defendants") to conduct oil and gas exploration and drilling activities. After Garvin passed away, trustees Mary G. Garvin and Martin J. Garvin of the Trust ("Plaintiffs") brought this suit against Defendants. Plaintiffs assert claims against Defendants

for breach of fiduciary duty, common law fraud and fraud by nondisclosure, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and negligent misrepresentation. They seek an accounting, monetary damages, and attorney's fees.

In their motion to dismiss, Defendants contend that Plaintiffs fail to state viable claims for relief and dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiffs' fraud-based claims are not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b); (2) Plaintiffs' claims are time-barred; and (3) Plaintiffs' DTPA claim fails because Plaintiffs are not consumers and did not purchase goods or services.

## II.     Rule 12(b)(6) Standard for Failure to State a Claim and Statute of Limitations Defense

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556

Order - Page 3

U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### III.     Analysis

After considering the motion, briefs, Plaintiffs' pleadings, and applicable law, the court determines that dismissal under Rule 12(b)(6) is not appropriate. The allegations in Plaintiffs' Amended Complaint that pertain to misappropriation of invested funds and related representations are sufficient to satisfy Rule 9(b)'s pleading requirements and the rule's purpose of providing Defendants' with adequate notice of the nature and grounds of Plaintiffs' claims. *See Hart v. Bayer*

*Corporation*, 199 F.3d 239, 248 n.6 (5th Cir. 1999). Additionally, the remaining grounds raised by Defendants require the resolution of fact issues that are better suited for a motion for summary judgment or trial in which competent evidence outside the pleadings can be considered by the court.

## IV.     Conclusion

For the reasons stated, the court **denies** Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Complaint (Doc. 18).

**It is so ordered** this 11th day of January, 2017.

                                                 _____
                                                 Sam A. Lindsay
                                                 United States District Judge