IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY K GARVIN AND MARTIN J. GARVIN, AS TRUSTEES OF THE THOMAS M. GARVIN TRUST a/k/a THE THOMAS M. GARVIN FAMILY TRUST, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-2157-L** |
| ARCTURUS VENTURE PARTNERS INC. f/k/a ARCTURUS CORPORATION AND LEON ALI PARVIZIAN a/k/a ALEX PARVIZIAN, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Unopposed Motion to Set Schedule for the Completion of Discovery and Trial ("Motion") (Doc. 83), filed June 7, 2018. In their Motion, Plaintiffs seek to: (1) revive and continue the discovery and expert deadlines that expired between April and July 2017; and (2) delay the trial of this case until January 2019. In addition, Plaintiffs request that the court order Defendants to comply with the magistrate judge's December 16, 2016 order compelling "written discovery" within 14 days. Pls.' Mot. 4.[1] Although the Motion indicates that Defendants do not oppose the relief sought by Plaintiffs, the court **denies** the Motion for the reasons herein

---

[1] It is not entirely clear what Plaintiffs mean by "written discovery." The magistrate judge's December 16, 2018 order granted Plaintiffs' Motion to Compel (Doc. 43) and ordered Defendants to produce all records responsive to: Plaintiffs' Request for Production Nos. 1-7, 9-11, 14, 16-17, 23-24, 28, 30-31, 33-34, 37, 39,42, 45, 47-49, 51, 58-59, 61, and 63, and Interrogatory Nos. 5(f), 5(h), 5(I), and 5(m)" and "supplement their production . . . of all information responsive to Plaintiffs' Document Request Nos. 8, 13, 18-20, 22, 25-26, 31-32, 36, 40-41, 44-45, 46, 49-50, and 53-54, and Plaintiffs' Interrogatory Nos. 4, 5(e), 5(j), 5(k), and 5(l)." Order 1 (Doc. 57).

**Memorandum Opinion and Order - Page 1**

explained and **sets** this case for trial on the court's four-week docket beginning **September 4, 2018.** The court will enter a separate scheduling order that includes this trial date and the parties' pretrial deadlines.

I.      **Plaintiffs' Motion**

Plaintiffs filed their Motion seven days after the court entered its May 30, 2018 order in which it denied Plaintiffs' second Motion for Default Judgment and advised the parties that, because of the age of case, which is now more than three years old, and the delays caused by both parties, the case would need to be tried by the end of September. Additionally, to avoid further delays, the court stated that it would "***not entertain any further motions by the parties, absent leave granted by the court and good cause shown, other than those matters that the parties will be allowed to file pursuant to the amended scheduling order entered by the court***." May 30, 2018 Order 8 (emphasis added). **Plaintiffs filed their Motion in violation of the court's May 30, 2018 order by failing to first seek and obtain leave of court as directed. For this reason alone, the court would be justified in striking or denying the Motion; however, the Motion also fails because Plaintiffs have not established good cause to justify the relief sought.**

Plaintiffs contend that good cause exists for the requested discovery and experts extensions, and they have "adequate reasoning for their delayed [motion] to amend the scheduling order" because: (1) the court recognized in its September 28, 2017 opinion and order that "Defendants have engaged in some gamesmanship for purposes of delaying the litigation"; (2) because of "Defendants' failure to comply with Plaintiffs' discovery requests, Plaintiffs have had to go through the expense of filing several motions, including a motion to compel, a motion for sanctions, and a motion for default judgment against Defendants"; (3) because "Defendants have delayed the progress of this

litigation by not only failing to comply with discovery requests and this Court's orders[2] . . . , but also have compounded their discovery misconduct by causing several of their lawyers to withdraw, delaying to retain new counsel, and refusing to accept service of court notices and orders over a lengthy period of time." Pls.' Mot. 2-3. Plaintiffs assert that, "[a]s a result of the pending motions and outstanding discovery orders with which Defendants have not yet complied, [they] have been unable to complete discovery in preparation for trial" and "still have a number of depositions and other discovery they need to complete." *Id.* at 3. Plaintiffs contend that, "[i]n addition to the fact that [they] have been unable to obtain discovery that the Court compelled Defendants to produce, this is a complicated fraud case," and "a lawsuit brought by the SEC against Defendants is currently pending on appeal, and the outcome of that case is directly relevant to the claims in this lawsuit." *Id.* at 3 & n.2. Plaintiffs contend that, because "there are still months for the parties to conduct discovery . . . the availability of an extension of time to cure such prejudice exists." *Id.* at 3.

## II. Rule 16(b) Legal Standard

The discovery deadline in this case expired July 17, 2017. Plaintiffs' deadline for designating experts expired April 13, 2017. As these deadlines have expired, Plaintiffs' Motion to revive and extend these deadlines would require modification of the court's scheduling order. Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and

---

[2] Plaintiffs contend that Defendants failed to comply with the following orders: "12/16/16 Order (Magistrate Judge Renee Harris Toliver) (Dkt 57); 4/12/17 Findings, Conclusion and Recommendation of the United States Magistrate Judge (Magistrate Judge Renee Harris Toliver (Dkt. 68); and 9/28/17 Memorandum Opinion and Order (Dkt. 72)." Pls.' Mot. 2.

with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

## III. Analysis

As noted, Defendants do not oppose Plaintiffs' Motion; however, this does not relieve Plaintiffs from establishing good cause to continue deadlines, one of which expired more than a year ago and the other almost a year ago. The Second Amended Scheduling Order also requires that requests to modify a trial date be made before the deadline to complete discovery, which expired July 3, 2017. The main justification provided by Plaintiffs for continuing the now-expired discovery and expert deadlines and delaying the trial of this case is Defendants' alleged failure to comply with the magistrate judge's December 16, 2016 discovery order and this court's September 28, 2017 opinion and order. This is the third time that Plaintiffs have made the *same unsubstantiated assertion* that they are entitled to relief because Defendants allegedly failed to comply with the magistrate judge's December 2016 discovery order. *See* May 30, 2018 Order 3-6, 7 (Doc. 81). The court has rejected this exact argument twice before in denying Plaintiffs' January 18, 2017 and October 30, 2017 motions for default judgment as a sanction because they failed to come forward with any evidence, in the form of an affidavit or otherwise, to support their contention regarding Defendants' alleged failure to comply with the December 2016 discovery order. Plaintiffs, nevertheless, continue to

**Memorandum Opinion and Order - Page 4**

maintain that they are entitled to relief—this time in the form of a continuance of the discovery and expert deadlines and delayed trial date—based on the same unsubstantiated argument.

Also, contrary to Plaintiffs' bald assertion, Defendant Arcturus Venture Partners, Inc. ("Arcturus") complied with the court's September 28, 2017 opinion and order by obtaining counsel who made an appearance by the deadline set by the court. *See id.* at 7 (rejecting a similar contention by Plaintiffs). Instead of attempting to cure the deficiencies noted in the court's September 28, 2017 opinion and order, or seeking a continuance immediately after the court denied their first motion for entry of default judgment as a sanction, Plaintiffs, undeterred, filed a second motion for default judgment against Defendants on October 30, 2017, three days after Defendants complied with the court's September 29, 2017 opinion and order. In their second motion for default judgment, Plaintiffs again sought death-penalty sanctions based on the same arguments and evidence without addressing any of the deficiencies previously identified by the court. As a result, the court had to expend scarce judicial resources to address Plaintiffs' meritless motion, and the proceedings in this case and issuance of an amended scheduling order were further delayed unnecessarily for several months.

Plaintiffs' contention that the court recognized in its September 28, 2017 opinion and order that "Defendants have engaged in some gamesmanship for purposes of delaying the litigation" is similarly misleading, as it mischaracterizes and takes out of context the following statement by the court in that order:

> In denying Plaintiffs' Motion for Sanctions, the court is not suggesting that Defendants' conduct in this action is cause for commendation or approbation, as the court suspects that Defendants have engaged in some gamesmanship for purposes of delaying the litigation. The court instead is simply saying that Defendants "dodged

**Memorandum Opinion and Order - Page 5**

> a bullet" this time because the record and Plaintiffs' evidence were insufficient to support the sanctions requested by Plaintiffs.

Sept. 28, 2017 Mem. Op. & Order 17-18. The contention also conveniently and blatantly disregards the court's determination in its most recent order that Plaintiffs were also to blame for the delays in this case. Because of the age of this case and the unnecessary delays caused by both parties, including "*delays caused by Plaintiffs' attempt at resolving this litigation by procedural maneuver*," the court advised that the case was going to be set for trial no later than September 2018, and it would not entertain any further motions by the parties absent leave of court.

Moreover, Plaintiffs do not provide any explanation for their conclusory assertion that this is a "complicated fraud case" that necessitates a continuance of the discovery deadline; nor do they specify what discovery is needed or why an extension of the discovery and expert deadlines is important to the prosecution of their claims. It is also unclear why Plaintiffs believe and continue to assert that the criminal case against Defendants or the appeal of that case has any relevance to whether Plaintiffs are entitled to the monetary relief requested in this case. As noted in the court's May 30, 2018 order, there is no indication that Defendants' allegedly fraudulent dealings with Thomas M. Garvin, which form the basis for Plaintiffs' claims in this civil action, are also at issue in the criminal case. *Id.*

Plaintiffs contend that, because "there are still months for the parties to conduct discovery . . . the availability of an extension of time to cure such prejudice exists." *Id.* at 3. This argument fails to account for the age of the case and both parties' respective roles in unnecessarily delaying the proceedings in this case. It also ignores the court's May 30, 2018 order in which it explained why the case was being set for trial and would need to be tried by September 2018. The court

understands that Plaintiffs' Chicago counsel of record, who was granted *pro hac vice* status, filed the Motion that is now before the court. Granting counsel *pro hac vice* status, however, is a privilege that can be revoked and does not exempt Plaintiffs or Plaintiffs' counsel from complying with the court's orders, and Plaintiffs' Chicago counsel is coming perilously close to having his *pro hac vice* status revoked or being sanctioned.[3]

Further, the court has inherent authority to control its docket to ensure the efficient administration of the cases pending before it and prevent undue delays in the disposition of pending cases. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (concluding that federal courts have "inherent powers deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority.") (citation omitted); *Prudhomme v. Tenneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) ("The district court has broad discretion in the management of its docket and the trial of lawsuits pending before it."). Plaintiffs could have come forward with evidence of some kind to support their contention that Defendants failed to comply with the magistrate judge's December 2016 discovery order. They did not do so when they first moved for sanctions in January 2017, or after their request for sanctions was denied in September 2017, even though the court previously explained that it was denying Plaintiffs' motions because they were not supported by any evidence. It was only after the court denied their second motion for default judgment seeking death-penalty sanctions that they filed their current Motion to continue the discovery and expert deadlines, but they did so based primarily on

---

[3] Paragraph 13 of the court's Second Amended Scheduling Order (Doc. 66) expressly states that, "[i]f counsel or any party fails or refuses to do anything required by this order . . . or any other order entered by the court, such party or counsel, or both, may be subject to sanctions without further notice. These sanctions may include striking a party's witnesses or exhibits, striking a party's claims or defenses, dismissal of a party's claims, entry of default, payment of expenses by the offending party or attorney, or other sanctions the court deems appropriate."

**Memorandum Opinion and Order - Page 7**

the same unsupported assertion that Defendants failed to comply with the December 2016 discovery order.

Thus, the resulting delays in this regard are attributable to Plaintiffs, not Defendants, and, for this reason, even if Plaintiffs had sought leave before filing their Motion, the request for leave would have been denied because, at some point, the litigation in this case, which has been pending for more than three years, must come to an end. Plaintiffs have had more than ample time to prosecute their claims and develop their case against Defendants. While the court has been patient and provided Plaintiffs with guidance, it is not incumbent on the court to educate ineffective litigants. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citation omitted).

Accordingly, after considering the applicable standard, Plaintiffs' contentions, and the record in this case, and weighing Rule 16(b)'s factors, the court determines that Plaintiffs have not established good cause for their request to revive the discovery and expert deadlines that expired a year or more ago. The contentions in Plaintiffs' Motion are conclusory, unsupported and mischaracterize the record in this case. Plaintiffs attempt to shift the blame for the delays in this case to Defendants by continuing to focus on their unsupported argument that Defendants have not complied with the December 2016 discovery order, but they fail to explain why they have yet to come forward with evidence to support this assertion. Had they done so, the court could have ordered Defendants long before now to comply with the discovery order and considered other options in the event they failed to comply with an order of this court. Thus, Plaintiffs have not shown that the discovery and expert deadlines could not reasonably have been met despite the exercise of diligence;

nor have they shown that they exercised diligence in seeking to enforce the December 2016 discovery order.

For similar reasons, the court is unwilling at this late stage of the litigation to entertain Plaintiffs' request for an order requiring Defendants to comply with the December 2016 discovery order because, notwithstanding Defendants' nonopposition to the relief requested, Plaintiffs have not established their entitlement to such relief. As history has predictive value, and the parties' conduct in this case is a strong indication that, if the court were to grant the relief requested, the parties would more likely than not continue to engage in discovery disputes that would further delay unnecessarily the trial and resolution of this case well into 2019. Such an extension is unwarranted in light of the age of this case, which is already more than three years old, and Plaintiffs' failure to exercise diligence and show good cause. Granting the relief requested by Plaintiffs would also reward both parties for their dilatory and litigious conduct.

## IV. Conclusion

For all of the reasons herein explained, the court **denies** Plaintiffs' Unopposed Motion to Set Schedule for the Completion of Discovery and Trial and **sets** this case for trial on the court's four-week docket beginning **September 4, 2018.** The court will enter a separate scheduling order that includes this trial date and the parties' pretrial deadlines.

**It is so ordered** this 11th day of July, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge